Whereupon the Court
(Thruston, J., absent,)
instructed the jury that the written documents, so given in evidence in this case, immediately relating to the note of the 17th of January, 1824, lent by the plaintiffs to Jacob Hoffman, and discounted at the Bank of Alexandria, taken in connection with the written documents relating to the nature, name, and extent of said partnership, do by their own terms import that the said note of the 17th of January, 1824, was lent by the plaintiffs to Jacob Hoffman, upon his sole credit and responsibility, and not upon the credit and responsibility of Hoffman & Johnson; and that the promise of the said Hoffman, in the said receipt, to provide for and pay the said note at maturity, was the sole and separate promise of the said Hoffman, and not the joint promise of Hoffman & Johnson. That the parol evidence produced by the plaintiffs in this case as aforesaid, is not competent and sufficient to change the import or terms of the said written documents, so as to charge the defendant, in this action, for the failure of Hoffman to provide for and pay the said note at maturity, according to the promise contained in his said receipt. To which instruction the plaintiffs excepted, and took their bill of exceptions. And the plaintiffs by their counsel objected to that part of the foregoing instruction which describes the said paper, purporting to be the receipt of the said Jacob Hoffman, as having been “ given by said Hoffman to the plaintiffs for the said loaned note, and as promising to provide for and take up the said note at maturity,” because no other evidence was offered in relation to the said facts than is hereinbefore stated in the statement of all the evidence in the cause as offered both by the plaintiffs and by the defendant, the said statement comprehending all the evidence offered on both sides in relation to said receipt.
But the Court, notwithstanding this objection, retained the said words in their instruction, and described the said receipt as having been given to the said plaintiffs by the said Hoffman for the said loaned note of 17th January, 1824; to which description of the said note the plaintiffs, by their counsel, excepted, and prayed the Court to sign and seal their bill of exceptions.
But the Court refused to sign the same; to which refusal the *655 plaintiffs excepted, and the Court signed and sealed the bill of exceptions to such refusal, on the 3d of May, 1826.
The plaintiffs, then, upon the statement of facts upon which their first prayer in the trial of this cause was predicated, prayed the Court to instruct the jury, that the receipt signed “ Jacob Hoffman,” offered in evidence by the defendant, and its being in the plaintiffs’ possession, are not conclusive to show that the plaintiffs took the said receipt as their security for the loan of their note of $5,000, of the 17th of January, 1824; and that if the jury believe from all the circumstances given in ¿videnee, that the same was not so taken as their security for such loaned note of the plaintiffs, then the plaintiffs are not precluded from recovering by such receipt.
Which instruction the Court refused to give as prayed; but instructed the jury, that the said receipt, being admitted by the plaintiffs to be in the handwriting of the said Jacob Hoffman, and having been produced at the trial of this cause by the plaintiffs in consequence of a notice from the defendant calling upon them to produce the same, is primd facie evidence, and, in the absence of contradictory evidence, is conclusive that the said receipt was given by the said Hoffman to the said plaintiffs, at the time it bears date, and that it relates to the aforesaid note of the 17th of January, 1824, for $5,000, discounted as aforesaid, at the Bank of Alexandria; and that if the jury should be satisfied by the said evidence that the said receipt was so given and does so relate, then the said receipt, taken in connection with the other written documents given in evidence in this cause, is conclusive evidence that the said note of the 17th of January, 1824, was lent by the plaintiffs to the said Jacob Hoffman, upon his sole credit and responsibility, and not upon the credit and responsibility of the said joint concern of Hoffman & Johnson.
To which refusal to give the instrfiction prayed by the plaintiffs’ counsel, the plaintiffs excepted, and took their bill of exceptions.
After the delivering of the aforegoing opinions and instructions of the Court to the jury, the plain tiffs’ counsel having still insisted and argued before the jury upon the supposed inconsistency between the deposition of Jacob Hoffman and his said written receipt and promise of the 17th of January, 1824, as contradictory evidence, from which, with the other evidence, the jury may infer that the said receipt was never given by the said Hoffman; the defendants still objected and prayed the opinion and instruction of the Court, that the said deposition contains no evidence from which the jury could infer, (against the evidence of the production of the said receipt by the plaintiffs, and their admission of the *656 handwriting,) that the said receipt was never given as it purports ; which instruction the Court gave as prayed, and the plaintiffs took their fourth bill of exceptions.
Mr. Jones, for the defendant,
cited Emly v. Lye, 15 East, 7.
Mr. Swann and Mr. Key, contra,
cited Willet v. Chambers, Cowp. '814.
The jury found a verdict for the defendants.
The plaintiffs carried the cause to the Supreme Court by writ of error, where the parties settled the matter by compromise, and the writ of error was dismissed by consent at January term, 1828.